UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATELYN DAVID,<br>individually and on behalf of<br>A.D., her minor child<br><br>     Plaintiffs,<br><br>     v.<br><br>GLAXOSMITHKLINE LLC,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)  19-10239-FDS<br>)<br>)<br>)<br>)<br>) |

## ORDER TO SHOW CAUSE

**SAYLOR, C.J.**

On May 26, 2016, this Court issued MDL Order No. 11, which required each plaintiff to complete a Plaintiff Fact Sheet with a signed declaration as well as authorizations and releases for health insurance and medical records. (Dkt. No. 252 ¶¶ 4, 14). It also required plaintiffs to produce documents relating to a variety of issues. (Dkt. No. 252 ¶ 3, Ex. 2). The Order provided that "questions on the fact sheets shall be treated as interrogatories under Rule 33 of the Federal Rules of Civil Procedure, and shall be subject to the rules applicable to such interrogatories." (Dkt. No. 252 ¶ 17).

The complaint in this action was filed on February 6, 2019. Accordingly, the Plaintiff Fact Sheet and authorizations were due on April 8, 2019. (*See* Dkt. No. 252 ¶ 11).

On August, 21, 2020, counsel for GlaxoSmithKline LLC ("GSK") sent a letter notifying plaintiff's counsel that plaintiff did not submit required authorizations necessary to permit collection of plaintiff's records in accordance with MDL Order No. 11. (GSK Mem., Ex. 15).

GSK's counsel requested that plaintiff provided the missing documents by September 4, 2020, or it would seek dismissal or other appropriate relief from the Court. (*Id.*). Plaintiff's counsel twice requested an additional 30 days to provide the documents, which GSK agreed to. (GSK Mem., Exs. 8-9).

On January 14, 2021, GSK's counsel sent plaintiff's counsel another letter detailing plaintiff's continued failure to provide the required authorizations. (GSK Mem., Ex. 16). GSK's counsel noted again that if plaintiff did not provide the authorizations and information by January 25, 2021, it would seek dismissal or other appropriate relief from the Court. (*Id.*).

On February 8, 2021, GSK filed a motion for an order to show cause as to why the case should not be dismissed for failure to prosecute and/or failure to provide court-ordered discovery. (GSK Mot. at 1-2).

Plaintiff has yet to provide the required authorizations necessary to permit collection of plaintiff's records. It thus appears that she has failed to comply with MDL Order No. 11.

Plaintiff is hereby ORDERED to show cause in writing within 21 days (that is, on or before April 14, 2021) why this case should not be dismissed for failure to comply with discovery obligations. If good cause is not shown by that date, this action will be dismissed pursuant to Rule 37(b)(2)(A)(v).

**So Ordered.**

Dated: March 24, 2021

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court